943 F.2d 48
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
Helen C. MANZO, widow of Philip R. Manzo, Respondent.
 No. 90-1711.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 12, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-3240-BLA)
 Melissa K. Reardon Henry, C. William Mangum, Barbara J. Johnson, United States Department of Labor, Washington, D.C., for petitioner.
 Helen C. Manzo, respondent pro se.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The Director, Office of Workers' Compensation Programs, seeks review of the Benefits Review Board's decision and order reversing an administrative law judge's denial of black lung benefits pursuant to 30 U.S.C. §§ 901-945. At the Director's request we placed this case in abeyance pending the decision of the Supreme Court of the United States in Pauley v. Bethenergy Mines, Inc., 59 U.S.L.W. 4778 (U.S. June 24, 1991). We agree with the Director that the Supreme Court's decision in Pauley requires that we remand the instant case for further proceedings.
 
 
 2
 This case involves a miner's claim filed under 20 C.F.R. Part 727, and a survivor's claim governed by 20 C.F.R. Part 718. In evaluating the miner's claim, the ALJ found the evidence sufficient to invoke the interim presumption pursuant to 20 C.F.R. § 727.203(a)(1), but also sufficient evidence to rebut the presumption pursuant to section 727.203(b)(3). The ALJ determined that his rebuttal finding precluded entitlement under the permanent criteria of 20 C.F.R. Part 410, and also denied the survivor's claim based on his finding that pneumoconiosis did not contribute to the miner's total disability or death.
 
 
 3
 The Board found that the Supreme Court's decision in Pittston Coal Group v. Sebben, 488 U.S. 105 (1988), required the ALJ to consider entitlement under section 410.490 after denying benefits under Part 727. Since the presumption in this case could only be rebutted pursuant to subsection (b)(3), and since, according to the law in effect at the time of the Board's decision, subsection (b)(3) rebuttal was not available to rebut the presumption if invoked pursuant to section 410.490, the Board held that a finding of no rebuttal, and an award of benefits, was required as a matter of law. Further, the award of benefits to the miner automatically triggered an award on the survivor's claim. See 20 C.F.R. § 725.212(a).
 
 
 4
 The Supreme Court's decision in Pauley makes clear that the interim presumption, whether invoked pursuant to section 727.203 or section 410.490, is subject to rebuttal pursuant to subsection (b)(3). See Pauley, 59 U.S.L.W.. at 4784, 4785. Since the Board has not yet reviewed the merits of the ALJ's subsection (b)(3) rebuttal finding, we remand for consideration of this issue. We note that the Board must also reconsider the survivor's claim, since its status is dependent upon the resolution of the disability claim.
 
 
 5
 Accordingly, the decision of the Board is vacated and the case is remanded for further consideration consistent with this opinion.
 
 
 6
 VACATED AND REMANDED.